**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUL 01 2008 ★

BROOKLYN OFFICE

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------

**GEORGE PHILIPS**    Prisoner No. 00A2299   Case. No. _____

-----------------------------------------------------------

Place of Confinement:

EASTERN NY CORRECTIONAL FACILITY
P.O. Box 338, Institution Road
Napanoch, New York 12458-0338
(845) 647-7400

-----------------------------------------------------------

Name of Petitioner:                  Name of Respondent:

**GEORGE PHILIPS**        V.          **WILLIAM BROWN,
                                      Superintendent**

-----------------------------------------------------------

Attorney General of the State of New York: ANDREW M. CUOMO

---

### PETITION

1. (a) **Name and location of court that entered the
   judgment of conviction you are challenging:** The
   judgment of conviction was entered in the Supreme
   Court, Queens County, New York.

   (b) **Criminal docket or case number:** The judgment
   relates to two consolidated docket numbers - 3251/97
   and 3825/97.

2. (a) **Date of the judgment of conviction:** The judgment
   of conviction was entered on January 25, 2000.

(b) **Date of sentencing:** Sentence was imposed on January 25, 2000.

3. **Length of sentence:** Petitioner George Philips was sentenced to imprisonment of 25 to 50 years. This is to run concurrent with a term of 10 to 20 years imprisonment imposed in a related prosecution. People v. George Philips, Ind. No. 3717N/97 (Nassau County Ct.).

4. **In this case, were you convicted on more than one count or of more than one crime?** Petitioner was convicted of more than one count and more than one crime.

5. **Identify all crimes of which you were convicted and sentenced in this case:** George Philips was convicted of rape in the first degree (2 counts), sodomy in the first degree (1 count), and sexual abuse in the first degree (3 counts). Petitioner was acquitted of Counts 1 through 14, relating to alleged assaults on three women. The trial judge also dismissed counts 17 and 22. A prior trial of Petitioner in Queens County for these charges resulted in a hung jury after eight days of deliberation.

2

6. (a) **What was your plea?** Not guilty.

   (b) **If you went to trial, what kind of trial did you have?** Petitioner's trial was before a jury.

7. **Did you testify at either a pretrial hearing, trial or a post-trial hearing?** Petitioner testified at a pretrial hearing before the Honorable Thomas A. Demakos of the Queens Supreme Court, which addressed <u>Huntley</u>, <u>Dunaway</u>, <u>Lypka</u> and <u>Mapp</u> issues. He also passed a polygraph examination. In addition, Petitioner testified before the grand jury in the relation Nassau prosecution.

8. **Did you appeal from the judgment of conviction?** Yes.

9. **If you did appeal, answer the following:**

   (a) **Name of court:** New York State Supreme Court, Appellate Division, Second Department.

   (b) **Docket or case number:** 2000-02458.

3

(c) **Result:** The Appellate Division affirmed the judgment of the Supreme Court.[1]

(d) **Date of result:** June 20, 2006.

(e) **Citation to the case:** <u>People v. George Philips</u>, 30 A.D.3d 618, 818 N.Y.S.2d 229 (2d Dept. 2006).

(f) **Grounds raised:**

The following issues were presented in the brief filed by counsel for Petitioner[2]:

1.   Whether the Petitioner was deprived of his constitutional right to due process where the prosecutor, during summation, among other things:

     a. Suggested that by <u>not testifying</u> this "defendant has been denying his responsibility";

---

[1] A copy of the Appellate Division's decision affirming the conviction is attached as Exhibit O of the compendium of exhibits to the Declaration of Herald Price Fahringer, Esq., in support of the § 2254 Petition, dated July 1, 2008, which is incorporated herein.

[2] A copy of counsel's opening and reply briefs are attached as Exhibits G and I of the related compendium of exhibits. In addition, the Appendix and Supplemental Appendix filed in the case are attached as Exhibits A and N, respectively.

4

b. appealed to the emotions of the jurors by asking them to consider the "anger that [the victims'] families must feel that this had to happen to their daughter, their sister, or their loved one";

c. insinuated that the Petitioner's alibi witnesses lied and misstated crucial facts to the jury; and

d. denigrated defense counsel.

2. Whether the Petitioner was denied his constitutional right to due process where the prosecutor presented proof in the Queens prosecution of an assault in Nassau County, which was not similar to the assaults charged in Queens and was used to establish the Petitioner's criminal disposition.

3. Whether the Petitioner's constitutional rights were violated by the erroneous admission of DNA evidence where, <u>inter alia</u>, (a) the defense was barred from admitting the laboratory's protocols; (b) the DNA evidence conflicted with evidence at trial; (c) the expert's testimony was inadmissible; and (d) a proper chain of custody was not established.

4. Whether the evidence was legally insufficient to sustain the charges.

5. Whether the Petitioner's constitutional, procedural and statutory rights were violated when the court denied his motions to suppress statements and other evidence allegedly taken from him as a result of an unlawful arrest.

6.   Whether it was an abuse of discretion to deny the Petitioner's motion to introduce expert testimony relating to the voluntariness of his alleged statements and the effects of coercive police conduct.

7.   Whether the Petitioner's constitutional, procedural and statutory rights were violated when the court denied his motions to suppress evidence that was illegally seized from his car.

8.   Whether the Petitioner was denied his right to counsel when the police interrogated him after he requested an attorney.

9.   Whether the hearing judge (a) deprived the Petitioner of due process, (b) denied him the effective assistance of counsel and (c) restricted his opportunity to test the validity of the prosecution's case, by assuming the role of an advocate and through his disruptive conduct, such that a new hearing and/or trial is warranted and the evidence suppressed.

The following issues were also presented in the pro se brief filed by Petitioner, which was accepted by the Appellate Division and fully preserved the issues for appellate review[3]:

10.  Whether the trial judge violated the Petitioner's constitutional rights to counsel, cross examination, confrontation and right to documentary evidence when he precluded police reports and the DNA laboratory's protocols from evidence.

11.  Whether the jury improperly considered the purported DNA given that: (a) other evidence contradicted the DNA evidence; (b) testing and testimony by LabCorp and its experts, in other cases, have been shown to be unreliable; (c) that the jury did not have the benefit of cross-examination of LabCorp's protocols; (d) the police crime lab detective contradicted the testimony of LabCorp's "expert"; (e) the DNA expert refused to acknowledge scientific and peer review articles; (f) the People and LabCorp disavowed the protocols (which were admitted in Petitioner's first trial that resulted in a hung jury); (g) the LabCorp "scientist" offered inconsistent and contradictory testimony; and (h) the trial court found the case to be circumstantial and, by its statement to the prosecutor during the charging conference, left the defense with the impression that it did not believe the DNA evidence.

_____

[3] A copy of Petitioner's brief is attached as Exhibit K of the related compendium of exhibits.

12. Did the judge misinterpret the business record exception to the hearsay rule?

13. Should witnesses' incredulous, inconsistent, impeached and perjured testimony, on crucial points, be disregarded as a matter of law given that: (a) the testimony was material and relevant; (b) the witnesses repeatedly changed their testimony; (c) perjury is a crime under New York State law; and (d) the witnesses' testimony was contradicted by the testimony of others?

14. Whether or not the jury gave Petitioner's medical alibi evidence the weight it deserved with respect to one complainant, given that: (a) the sutures, resulting from Petitioner's surgery on the middle finger of his right hand, were taken out five days after the assault took place; (b) during his recovery from surgery, Petitioner could not have held a weapon, or performed the various sexual acts alleged; and (c) the medical alibi presented and alibi testimony of Petitioner's father was uncontroverted by the People.

15. Whether the People's failure to timely disclose Brady and Rosario material violated Petitioner's constitutional right to a fair trial given that: (a) the documents were specifically requested prior to the pretrial hearings and trial; (b) the documents contradicted the material testimony of the People's witnesses; (c) some of the documents, which were denied by the People under Rosario and Brady, were disclosed, post-trial, under the Freedom of Information Law (FOIL); (d) the timely disclosure of the newly discovered materials would have resulted in a different outcome at trial; and (e) the materials sought were relevant and not merely collateral.

8

16. Whether the incident concerning Stephanie Corr, who was allegedly assaulted in Nassau County in a manner that was <u>not</u> similar to the incidents charged in the Queens prosecution, gave the police probable cause to arrest Petitioner given that: (a) there was no contemporaneous license plate search -- the "partial license plate" search was done four months <u>after</u> Petitioner's arrest -- and <u>newly discovered evidence</u> shows that the Nassau prosecutor <u>did not</u> disclose the request to DMV concerning a partial plate search; (b) the police testified that they had no probable cause to arrest Petitioner <u>prior</u> to the "Corr" incident on September 3, 1997; (c) the description of the perpetrator, vehicle, weapon, mask and time of the 911 call <u>did not</u> coincide with the Petitioner or his vehicle or the crimes allegedly committed prior to that incident; (d) the testimony of the detectives and Stephanie Corr was impeached and shown to be a prevarication, inconsistent and incredible as a matter of law; (e) newly discovered evidence, which the People claim was disclosed under <u>Rosario</u>, shows that the police <u>doctored notes</u> containing the description of the assailant and license plates; (f) the People failed to call the police officers and the retired police detective who contemporaneously spoke to Ms. Corr; (g) the defense was precluded from raising legal issues, concerning probable cause; (h) the People, at the pre-trial hearings, failed to introduce the 911 and radio tapes; (i) the police put out an order to arrest the Petitioner <u>prior</u> to arriving at the scene and speaking with Ms. Corr; and (j) at the time of the Petitioner's wife's tip, neither the Petitioner nor his vehicle matched the description of the suspect and vehicle.

17.  Whether the Petitioner's conviction in
     Nassau County would be fatal if the
     conviction in Queens County was dismissed,
     given that (a) Stephanie Corr, the witness
     who allegedly gave rise to probable cause,
     testified in Queens County and was
     disbelieved by the Queens jurors; (b)
     concerning probable cause, the "fruit of the
     poisonous tree," law of case and res
     judicata doctrines would be applicable to
     the Nassau case; and (c) pursuant to the
     doctrine of judicial estoppel, the refusal
     of LabCorp's "expert" to acknowledge the
     protocols in the instant case would bar the
     People from introducing the DNA test results
     conducted by LabCorp in any future
     proceedings.

18.  Whether the People failed to prove chain of
     custody given that (a) a police officer who
     was not trained in crime scene DNA evidence
     sealed and labeled the blood vials rather
     than the trained crime lab / crime scene
     detectives; (b) the chain of custody forms
     show that the People failed to call all of
     the significant "handlers" in the chain; (c)
     the People did not prove chain of custody
     for certain critical evidentiary items; and
     (d) the chain of custody forms contradict
     the testimony of the witnesses.

19.  Whether the hearing judge's decision, which
     was riddled with legal and factual errors,
     deprived the Petitioner of his
     constitutional right to a fair judicial
     proceeding.

20. Whether the Petitioner was denied his constitutional right to a fair judicial proceeding given that the hearing court, among other things: (a) was biased; (b) acted as an arm of the prosecution; (c) deprived the Petitioner of his rights to witnesses, evidence and cross-examination; (d) denigrated defense counsel; and (e) made errors of fact and law.

21. Whether the search of the Petitioner's vehicle was lawful, given that (a) there was no written consent to search the automobile, even though there was a written consent for a search of his home; (b) the Detective from Queens (Gary Tepperman) did not have a written waiver of rights to prove voluntary consent; (c) the rights on the card used by the Detective from Nassau (Derek Partee) were not waived; (d) there was testimony that the Petitioner's vehicle was searched prior to his purported consent; (e) the timing of Detective Partee's arrival, reading of rights, and receiving consent were contradicted and impeached; and (f) there is prima facie evidence that the police planted evidence in the Petitioner's automobile prior to the search.

22. Whether testimony that a starter's pistol, mask, and handkerchief were recovered in the Petitioner's automobile must be disregarded, given that (a) there was inconsistent testimony concerning the location where the evidence was purportedly recovered; (b) there is prima facie evidence that a police radio was planted and photographed in the Petitioner's vehicle; and (c) the complainants could not identify the evidence as used by their assailant.

11

23. Whether the Petitioner was deprived of his right to due process and a fair trial, due to the prosecutor's false statements in summation, given that the prosecutor (a) misstated fifteen crucial facts; (b) argued facts not in evidence; (c) invited speculation; (d) asserted his own opinion; and (e) promoted a verdict based on passion and appeal.

24. Whether the trial judge violated the Petitioner's constitutional right to cross-examination and confrontation when he (1) precluded police reports from evidence; (2) did not permit the defense to call the first police officers on the scene, and (3) determined that he erred in allowing Police Officer John O'Connor to testify, given that (a) the testimony of the witnesses was material in establishing the contemporaneous description of the perpetrator and the probable cause to arrest the Petitioner; (b) the testimony of Officer O'Connor contradicted the testimony of Stephanie Corr, Detective Partee and various police forms and reports; and (c) police reports and testimony establish that the first officers on the scene prepared contemporaneous police reports and had material testimony to offer.

25. Whether the purported DNA evidence should be disregarded given that (a) the Nassau prosecutor and detective knowingly made false statements in the various affidavits they presented before the Nassau County Court to secure the Petitioner's blood and hair sample;[4] (b) <u>exculpatory police reports and statement</u> were at variance with the affidavits on material and relevant points; (c) exculpatory police reports and statements were in the possession of the Nassau County prosecutor <u>prior</u> to the filing of the affidavits; and (d) the sex crimes detective testified that he "took blood from three of the victims," "placed them in a container," which he sealed and vouchered even though police crime lab detectives were present.

---

[4] The blood taken pursuant to the Nassau County warrant was used for DNA testing in both Nassau and Queens counties.

(g)   **Did you seek further review by a higher state court?** Yes.

**If yes, answer the following:**

1. **Name of court:** New York Court of Appeals.[5]

2. **Result:** Leave to appeal to the Court of Appeals was denied on April 2, 2007.[6] And, on May 31, 2007, the Court denied Petitioner's motion for reconsideration.[7]

3. **Date of result:** April 2, 2007 and May 31, 2007.

---

[5] Copies of Petitioner's leave applications and replies are attached as Exhibits P, Q and R of the related compendium of exhibits.

[6] Copies of the Court of Appeals' decisions denying leave are attached collectively as Exhibit S of the related compendium of exhibits.

[7] Copies of the Court of Appeals' decisions denying Petitioner's motion for reconsideration are attached as Exhibit T of the related compendium of exhibits.

    4. **Citation to the case:** <u>People v. George Philips</u>, 8 N.Y.3d 949, 836 N.Y.S.2d 559 (2007)(table); <u>People v. George Philips</u>, 8 N.Y.3d 989, 838 N.Y.S.2d 492 (2007)(table).

    5. **Grounds raised:** Petitioner sought permission to raise all the grounds previously raised in the Appellate Division, Second Department.

(h) **Did you file a petition for certiorari in the United States Supreme Court?** No.

10. **Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?** Yes.

11. **If your answer to Question 10 was "Yes," give the following information:**

   (a)(1) **Name of Court:** New York Supreme Court, Queens County.

   (2) **Docket or case number:** Docket Nos. 3251/97 and 3825/97.

   (3) **Date of filing:** On or about June 11, 2002.

   (4) **Nature of the proceeding:** Motion to vacate the judgment of conviction, pursuant to CPL § 440.10.[8]

   (5) **Grounds raised:** The Petitioner argued that

      i. Newly discovered evidence of an exculpatory and impeachment nature required that the plea/conviction be vacated and a new trial ordered;

      ii. the DNA testing conducted by LabCorp and the testimony of its employee, Meghan Clement, must be disregarded as a matter of law;

---

[8] A copy of Petitioner's memorandum of law in support of his § 440 motion is attached as Exhibit F of the related compendium of exhibits.

iii. Petitioner was deprived of his due process right to documentary evidence, right to counsel, right of confrontation and his right to a fair trial when the trial court wrongfully denied his request to introduce the protocols followed by LabCorp in conducting the DNA test into evidence;

iv. Misconduct by the police and prosecutor requires a reversal of the judgment;

v. The prosecution's failure to disclose _Rosario_ and/or _Brady_ materials, as well as the court's error in denying that part of the Petitioner's motion alleging _Rosario_ and/or _Brady_ violations, denied the Petitioner his right to due process and a fair judicial proceeding;

vi. The Nassau County prosecutor committed misconduct, abused the subpoena process and violated the Petitioner's rights to due process when he subpoenaed and seized the Petitioner's corporate and personal financial records;

vii. Petitioner was denied his right of confrontation and his right to the effective assistance of counsel because of the People's misconduct in concealing exculpatory evidence that would have exonerated the Petitioner;

viii. The trial court erred when it precluded testimony from police officers and excluded police reports from evidence. It also erroneously prevented witnesses from being called to give expert testimony;

ix. Knowingly false statements made by the Nassau County prosecutor and/or Detective Partee in warrant applications to obtain the Petitioner's blood, hair and saliva, to secure a lineup and to photograph the Petitioner's genitalia, violated his due process rights and rendered the DNA evidence and lineup inadmissible as a matter of law;

x. The People present false and distorted facts to the Appellate Division;

xi. The lower court's bias is self-evident;

xii. The lower court not only <u>erred in its decision</u>, but by copying the People's opposition verbatim, the court demonstrated its bias and denied the Petitioner his fundamental right to a fair proceeding; and

xiii. The Petitioner further urges that the Appellate Division and the County Court erred when they found that (a) "by pleading guilty the Petitioner forfeited his right to seek review of any alleged <u>Rosario</u> or <u>Brady</u> violation" and (b) Petitioner <u>only</u> argued violations under subdivision "g" of CPL § 440.10. The Appellate Division's decision was a clear abuse of discretion, in error and in violation of Petitioner's rights under the state and federal constitutions, including, but not limited to, U.S. Const. amends. IV, V, VI, XIV; NY Const. art. I, §§ 6 and 12.

(6) **Did you receive a hearing where evidence was given on your petition, application, or motion?** No.

(7) **Result:** The motion was denied in its entirety.

(8) **Date of result (if you know):** On April 14, 2003, the trial court denied the Petitioner's application. And, on September 18, 2003, the Appellate Division, Second Department denied leave to appeal. The Appellate Division did grant leave to appeal from the denial of the § 440 motion filed in the related proceeding in Nassau County, which raised identical issues.[9] The Appellate Division affirmed that Decision on June 20, 2006.

_____

[9] A copy of the brief filed in the Appellate Division in that related action is attached in the compendium as Exhibit M.

(a) **If you filed any second petition, application, or motion, give the same information:**

    (1) **Name of Court:** New York Supreme Court, Queens County.

    (2) **Docket or case number:** Docket Nos. 3251/97 and 3825/97.

    (3) **Date of filing:** On or about December 15, 1999.

    (4) **Nature of the proceeding:** Motion to set aside the verdict pursuant to CPL § 330.30.[10]

    (5) **Grounds raised:** The motion urged that

        (a) The trial court's rulings relating to the admission of uncharged crimes were erroneous;

---

[10] A copy of the Petitioner's § 330 motion is attached as Exhibit E of the related compendium of exhibits.

    (b)   the trial court violated the Petitioner's Sixth Amendment right to compulsory process when it precluded him from calling witnesses in his defense;

    (c)   the trial court's evidentiary rulings, such as its failure to admit the protocols used to test the DNA samples into evidence, were in error and unfairly prejudiced the Petitioner; and

    (d)   the prosecutor's improper conduct denied the Petitioner a fair trial.

(6) **Did you receive a hearing where evidence was given on your petition, application, or motion?** No.

(7) **Result:** The motion was denied in its entirety.

(8) **Date of result:** January 24, 2000.

(b) **If you filed any third petition, application, or motion, give the same information:**

(1) **Name of Court:** Appellate Division, Second Department.

(2) **Docket or case number:** Docket No. 98-11299.

(3) **Date of filing:** December 16, 1998.

(4) **Nature of the proceeding:** State Writ of Habeas Corpus.[11]

(5) **Grounds raised:** The writ raised a number of issues, which are all of constitutional proportions:

**One:** The pre-trial hearing judge's conclusions of facts and law were erroneous and inconsistent with the facts and law adduced at Petitioner's pre-trial hearings;

**Two:** Petitioner was denied due process of law and the right to a fair proceeding due to judicial misconduct;

---

[11] A copy of the Petitioner's writ is attached as Exhibit C to the compendium.

**Three:**      Petitioner was denied statutory and constitutionally guaranteed compulsory process of rights to witnesses;

**Four:**       Petitioner was denied his right to have his counsel treated in a fair and impartial manner, thereby violating his right to the due process of law;

**Five:**       Judge Demakos' actions call for his censure and removal from the bench;

**Six:**        Petitioner was denied the right to have documentary evidence favorable to his defense;

**Seven:**      The prosecutor engaged in improper conduct in that he knowingly used false and perjured testimony and allowed such testimony to be left uncorrected, thus corrupting the judicial process in violation of the Petitioner's right to due process;

**Eight:**      The record will show that not only was knowledge of perjury imputed to the prosecution, the prosecution continued to mislead the court as to the facts and law as evidenced by the gross errors in their twelve page memorandum of law;

**Nine:**       The police and the prosecutor engaged in impermissible conduct before the Grand Jury;

**Ten:**       The publication of Judge Demakos' pre-trial decision, which was erroneous, was designed to create the public impression that Petitioner was guilty of the crimes charged;

**Eleven:**    Petitioner was denied his constitutional right to be tried by a judge fundamentally free of bias and prejudice throughout his proceedings;

**Twelve:**    The Petitioner's state and federal constitutional rights against warrantless arrest and seizure were violated;

**Thirteen:**  The Petitioner's Sixth Amendment rights against self-incrimination and the effective assistance of counsel were violate;

**Fourteen:**  The integrity of the grand jury process was violated where Petitioner was denied the opportunity to present exculpatory polygraph evidence to the grand jurors;

**Fifteen:**   Petitioner's conviction violates the constitutional proscription against double jeopardy, as well as the judicial policies of "law of the case," "res judicata" and "collateral estoppel," where the Nassau court relitigated the exact same issues previously litigated in the Queens case. This impermissible procedure gave the People "two bites at the apple"; and

24

**Sixteen:** The total deprivation of constitutional and statutory rights, coupled with bad faith, excess of power and abuse of discretion, deprived the hearing court of jurisdiction under "law of the land."

(6) **Did you receive a hearing where evidence was given on your petition, application, or motion?** No.

(7) **Result:** The application was denied in its entirety.

(8) **Date of result:** March 8, 1999.

(c) **If you filed any fourth petition, application, or motion, give the same information:**

(1) **Name of Court:** Appellate Division, Second Department.

(9) **Docket or case number:** Docket Nos. 2000-03865 and 2000-02458.

(10) **Date of filing:** October 26, 2004.

25

(11) **Nature of the proceeding:** Motion for an Order directing the Nassau and Queens District Attorneys to disclose the grand jury minutes.

(12) **Grounds raised:** The motion urged that

(a) Detective Poynter Scheinberg, a member of the Nassau police crime lab, conducted forensic tests in both the Nassau and Queens cases. Newly discovered evidence shows there is a reasonable possibility that she testified before the Nassau and Queens grand jury. However, this testimony, which, on information and belief, contains exculpatory evidence, was never turned over to the Petitioner. Since Detective Scheinberg testified at trial, the People's failure to disclose her grand jury testimony violates the Petitioner's due process rights.

(13) **Did you receive a hearing where evidence was given on your petition, application, or motion?** No.

(14) **Result:** The motion was denied in its entirety.

(15) **Date of result:** December 28, 2004.

(d) **Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?**

(1) **First petition:** Yes.

(2) **Second petition:** No.

(a) **If you did not appeal to the highest state court having jurisdiction, explain why you did not:** After the motion to vacate the sentence was denied, Petitioner brought a direct appeal wherein the issues complained of were presented to the Appellate Division, Second Department.

(3) **Third petition:** Permission to appeal the denial of the writ was sought but denied. See <u>People ex rel. Philips v. Basilone</u>, 94 N.Y.2d 794, 700 N.Y.S.2d 424 (1999).[12]

(4) **Fourth petition:** No.

   (a) **If you did not appeal to the highest state court having jurisdiction, explain why you did not:** Petitioner did not have the right to appeal this issue to the Court of Appeals.

12. **For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.**

---

[12] A copy of the Court of Appeals' decision denying leave is included in the compendium as Exhibit D.

**GROUND ONE:** Petitioner was deprived of his federal constitutional right to due process and a fair trial by the prosecutor's improper conduct during summation. U.S. Const. amends. V, VI & XIV.

(a) **Supporting facts:** The facts supporting this claim, and all other claims set forth in this Petition, are presented in the accompanying memorandum of law, which is signed by counsel, under oath, and incorporated by reference as if fully stated herein.

   (1) As detailed in the Declaration of Herald Price Fahringer, Esq., in support of the § 2254 petition, dated July 1, 2008, due to several grave circumstances, totally beyond counsel's control, including the recent death of his wife of more than 40 years, after a long illness, and his own recent emergency quadruple bypass heart surgery, among other compelling factors, to avoid any prejudice to the Petitioner, counsel is seeking until August 8, 2008, to file the supporting Memorandum of Law in this complicated case. The Court's consideration in this regard is deeply appreciated.

**(b) Direct Appeal of Ground One:**

**(1) If you appealed from the judgment of conviction, did you raise this issue?** Yes. This claim was fully presented in Point I of counsel's brief, and Point VII of Petitioner's supplemental <u>pro se</u> brief, filed by permission of the court in the Appellate Division, Second Department. The issue was also presented to the New York Court of Appeals in Petitioner's leave applications.

**(c) Post-Conviction Proceedings:**

**(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?** Yes. The issue was raised in Petitioner's motion to set aside the verdict, pursuant to CPL § 330.30, and in his motion to vacate the judgment of conviction, pursuant to CPL § 440.10, filed in the Supreme Court, County of Queens, Indictment Nos. 3251/97 & 3825/97. On January 24, 2000, the court denied the § 330.30 motion. The § 440 motion was denied on April 14, 2003.

(2) **Did you receive a hearing on your motion or petition?** No.

(3) **Did you appeal from the denial of your motion or petition?** Yes. The Appellate Division, Second Department denied leave to appeal the § 440 motion. However, it <u>granted</u> leave to appeal from the denial of the <u>identical</u> § 440 motion that was simultaneously filed in the related action in Nassau County. <u>See</u> 2003-02206. On June 20, 2006, the Second Department affirmed the trial court's ruling. No appeal was taken from the denial of the § 330 motion.

(d) **Other Remedies: Describe any other procedures that you have used to exhaust your state remedies on Ground One:** None.

**GROUND TWO:** The Petitioner's federal constitutional right to due process was denied when the prosecutor presented proof in the Queens prosecution of an assault in Nassau County, which was not similar to the assaults charged in Queens and was impermissibly used to establish the Petitioner's criminal disposition. U.S. Const. amends. V, VI & XIV.

(a) **Supporting facts:** The facts supporting this claim are presented in the accompanying memorandum of law, which is signed by counsel, under oath, and incorporated by reference as if fully stated herein.

(b) **Direct Appeal of Ground Two:**

    (1) **If you appealed from the judgment of conviction, did you raise this issue?** Yes. This claim was fully presented in Point II of counsel's brief filed in the Appellate Division, Second Department. The issue was also presented to the New York Court of Appeals in Petitioner's leave applications.

**(c) Post-Conviction Proceedings:**

(1) **Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?** Yes. This issue was raised in Petitioner's motion to set aside the verdict pursuant to CPL § 330, filed in the Supreme Court, County of Queens, Indictment Nos. 3251/97 & 3825/97. The motion was denied on January 24, 2000.

(2) **Did you receive a hearing on your motion or petition?** No.

(3) **Did you appeal from the denial of your motion or petition?** No. Petitioner brought a direct appeal wherein this claim was presented to the Second Department.

**(d) Other Remedies: Describe any other procedures that you have used to exhaust your state remedies on Ground Two:** None.

**GROUND THREE:** The Petitioner was denied his federal constitutional right to a fair trial by the state court's erroneous admission of DNA evidence. U.S. Const. amends. V, VI & XIV.

(a) **Supporting facts:** The facts supporting this claim are presented in the accompanying memorandum of law, which is signed by counsel, under oath, and incorporated by reference as if fully stated herein.

(b) **Direct Appeal of Ground Three:**

    (1) **If you appealed from the judgment of conviction, did you raise this issue?** Yes. This claim was fully presented in Point III of counsel's brief filed in the Appellate Division, Second Department, as well as in Points I, IX and X of Petitioner's supplemental pro se brief filed in the same court. The issue was also presented to the New York Court of Appeals in Petitioner's leave applications.

**(c) Post-Conviction Proceedings:**

(1) **Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?** Yes. The issue was raised in Petitioner's motion to set aside the verdict, pursuant to CPL § 330.30, and in his motion to vacate the judgment of conviction, pursuant to CPL § 440.10, filed in the Supreme Court, County of Queens, Indictment Nos. 3251/97 & 3825/97. On January 24, 2000, the trial court denied the § 330 motion. The § 440 motion was denied on April 14, 2003.

(2) **Did you receive a hearing on your motion or petition?** No.

(3) **Did you appeal from the denial of your motion or petition?** Yes. The Appellate Division, Second Department, denied leave to appeal the § 440 motion. However, it <u>granted</u> leave to appeal from the denial of the <u>identical</u> § 440 motion, which was simultaneously filed in the related action in Nassau County. <u>See</u> 2003-02206. On June 20, 2006, the Second Department affirmed the trial court's ruling. No appeal

was taken from the denial of the § 330 motion.

(d)   **Other Remedies: Describe any other procedures that you have used to exhaust your state remedies on Ground Three:** None.

**GROUND FOUR:** Petitioner's conviction is contrary to the laws of the United States and violated his federal constitutional rights to due process and a fair trial where the evidence at trial was legally insufficient to sustain the charges. U.S. Const. amends. V, VI and XIV.

(a) **Supporting facts:** The facts supporting this claim are presented in the accompanying memorandum of law.

(b) **Direct Appeal of Ground Four:**

(1) **If you appealed from the judgment of conviction, did you raise this issue?** Yes. This issue was fully presented in Point IV of counsel's brief filed in the Second Department and Point I of Petitioner's supplemental pro se brief, filed by permission of the court in the Appellate Division, Second Department. The issue was also presented to the New York Court of Appeals in Petitioner's leave applications.

(c) **Post-Conviction Proceedings:**

(1) **Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?** No.

(d) **Other Remedies: Describe any other procedures that you have used to exhaust your state remedies on Ground Four:** None.

**GROUND FIVE:** George Philips' federal constitutional, procedural and statutory rights were violated when the state court denied his motions to suppress statements and other evidence allegedly taken from him as a result of an unlawful arrest. U.S. Const. amends. IV, V, VI and XIV.

(a) **Supporting facts:** The facts supporting this claim, and establishing an unconscionable breakdown of the underlying process that deprived the Petitioner of a full and fair opportunity to litigate his Fourth Amendment claims are presented in the accompanying memorandum of law.

(b) **Direct Appeal of Ground Five:**

    (1) **If you appealed from the judgment of conviction, did you raise this issue?** Yes. This issue was fully presented in Point V of counsel's brief filed in the Appellate Division, Second Department and Points II, III, IV and V of Petitioner's supplemental pro se brief filed in the same court. The issue was also presented to the New York Court of Appeals in counsel's leave application.

39

**(c) Post-Conviction Proceedings:**

(1) **Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?** Yes. The issue was raised in of Petitioner's state writ of habeas corpus, filed in the Appellate Division, Second Department, Docket No. 98-11299. The Second Department denied the writ on March 8, 1999, and leave to appeal to the Court of Appeals was denied.

**(d) Other Remedies: Describe any other procedures that you have used to exhaust your state remedies on Ground Five:** None.

**GROUND SIX:** The Petitioner's federal constitutional rights to due process and a fair trial were violated where the state court abused its discretion and denied the Petitioner's motion to introduce expert testimony relating to the voluntariness of his alleged statements and the effects of coercive police conduct. U.S. Const. amends. IV, V, VI & XIV.

(a) **Supporting facts:** The facts supporting this claim are presented in the accompanying memorandum of law.

(b) **Direct Appeal of Ground Six:**

    (1) **If you appealed from the judgment of conviction, did you raise this issue?** Yes. This issue was fully presented in Point VI of counsel's brief filed in the Appellate Division, Second Department. The issue was also presented to the New York Court of Appeals in counsel's leave application. The state court's decision in this matter is published. See People v. Philips, 180 Misc. 2d 934, 692 N.Y.S.2d 915 (Sup. Ct. Queens Co. 1999).

**(c) Post-Conviction Proceedings:**

(1) **Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?** Yes. This issue was presented in Point II of Petitioner's motion to vacate the verdict pursuant to CPL § 330, as well as Point III of Petitioner's motion to vacate the conviction pursuant to CPL § 440, filed in the Supreme Court, County of Queens, Indictment Nos. 3251/97 & 3825/97. On January 24, 2000, the court denied the § 330 motion. The § 440 motion was denied on April 14, 2003.

The claim was also raised in Petitioner's state writ of habeas corpus, filed in the Appellate Division, Second Department, Docket No. 98-11299. The writ was denied on March 8, 1999.

(2)   **Did you receive a hearing on your motion or petition?** No.


(3)   **Did you appeal from the denial of your motion or petition?** Yes. The Appellate Division, Second Department denied leave to appeal the § 440 motion. However, it <u>granted</u> leave to appeal from the denial of the <u>identical</u> § 440 motion that was simultaneously filed in the related action in Nassau County. <u>See</u> 2003-02206. On June 20, 2006, the Second Department affirmed the trial court's ruling.


No appeal was taken from the denial of the § 330 motion and, although sought, leave to appeal the denial of the writ was not granted.


(d) **Other Remedies: Describe any other procedures that you have used to exhaust your state remedies on Ground Six:** None.

**GROUND SEVEN:** The Petitioner's federal constitutional procedural and statutory rights were violated when the state court denied his motions to suppress evidence that was illegally seized from his car. U.S. Const. amends. IV, V, VI and XIV.

(a) **Supporting facts:** The facts supporting this claim, and how the Petitioner was denied an opportunity to fully and fairly litigate his Fourth Amendment claims because of an unconscionable breakdown in the underlying process, are presented in the accompanying memorandum of law.

(b) **Direct Appeal of Ground Seven:**

    (1) **If you appealed from the judgment of conviction, did you raise this issue?** Yes. This issue was fully presented in Point VII of counsel's brief submitted to the Appellate Division, Second Department and Point VI of Petitioner's supplemental pro se brief filed in the same court. It was also presented to the New York Court of Appeals in counsel's leave application.

44

(c) **Post-Conviction Proceedings:**

(1) **Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?** This issue was presented in Point III of Petitioner's motion to vacate the verdict pursuant to CPL § 330, filed in the Supreme Court, County of Queens, Indictment Nos. 3251/97 & 3825/97. On January 24, 2000, the court denied the § 330 motion.

The issue was also presented in Point One of Petitioner writ of habeas corpus filed in the Appellate Division, Second Department, Docket No. 98-11299. The writ was denied on March 8, 1999.

(2) **Did you receive a hearing on your motion or petition?** No.

(3) **Did you appeal from the denial of your motion or petition?** No appeal was taken from the denial of the § 330 motion and, although sought, leave to appeal the denial of the writ was not granted.

45

(d) **Other Remedies: Describe any other procedures that you have used to exhaust your state remedies on Ground Seven:** None.

**GROUND EIGHT:** The Petitioner was deprived of his federal constitutional right to the effective assistance of counsel. U.S. Const. amends. IV, V, VI and XIV.

(a) **Supporting facts:** The facts supporting this claim are presented in the accompanying memorandum of law.

(b) **Direct Appeal of Ground Eight:**

(1) **If you appealed from the judgment of conviction, did you raise this issue?** Yes. This issue was fully presented in Points VIII and IX of counsel's brief submitted to the Appellate Division, Second Department, as well as Point V of Petitioner's supplemental pro se brief in the same court. It was also presented to the New York Court of Appeals in counsel's leave application.

**(c) Post-Conviction Proceedings:**

(1) **Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?** Yes. This issue was fully presented in Point Four of Petitioner's writ of habeas corpus, filed in the Appellate Division, Second Department, Docket No. 98-11299. The Second Department denied the writ on March 8, 1999.

The issue was also presented in Points One and Three of Petitioner's motion to vacate the conviction pursuant to CPL § 440, filed in the Supreme Court, County of Queens, Indictment Nos. 3251/97 & 3825/97. The motion was denied on April 14, 2003.

(2) **Did you receive a hearing on your motion or petition?** No.

(3) **Did you appeal from the denial of your motion or petition?** Leave to appeal the denial of the writ to the Court of Appeals was denied.

Similarly, the Appellate Division, Second Department denied leave to appeal the § 440 motion. However, it <u>granted</u> leave to appeal from the denial of the <u>identical</u> § 440 motion that was simultaneously filed in the related action in Nassau County. <u>See</u> 2003-02206. On June 20, 2006, the Second Department affirmed the trial court's ruling.

**(d) Other Remedies: Describe any other procedures that you have used to exhaust your state remedies on Ground Eight:** None

**GROUND NINE:** The hearing judge deprived the Petitioner of his federal constitutional rights and caused an unconscionable breakdown in the underlying process by assuming the role of an advocate and through his disruptive conduct, such that a new hearing and/or trial is warranted and the evidence suppressed. U.S. Const. amends. IV, V, VI and XIV.

(a) **Supporting facts:** The facts supporting this claim are presented in the accompanying memorandum of law.

(b) **Direct Appeal of Ground Nine:**

    (1) **If you appealed from the judgment of conviction, did you raise this issue?** Yes. This claim was fully presented in Point IX of counsel's brief filed in the Appellate Division, Second Department and Points IV and V of Petitioner's supplemental <u>pro</u> <u>se</u> brief filed in the same court. It was also presented to the New York Court of Appeals in counsel's leave application.

**(c) Post-Conviction Proceedings:**

(1) **Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?** Yes. This issue was fully presented in Points One, Two and Five of Petitioner's writ of habeas corpus, filed in the Appellate Division, Second Department, Docket No. 98-11299. The Second Department denied the writ on March 8, 1999.

(2) **Did you receive a hearing on your motion or petition?** No.

(3) **Did you appeal from the denial of your motion or petition?** Leave to appeal the denial of the writ to the Court of Appeals was denied. <u>See People ex rel. Philips v. Basilone</u>, 94 N.Y.2d 794, 700 N.Y.S.2d 424 (1999).

**(d) Other Remedies: Describe any other procedures that you have used to exhaust your state remedies on Ground Nine:** None.

**GROUND TEN:** The Petitioner was denied his federal constitutional rights to cross-examination, confrontation and documentary evidence when the state court misinterpreted the business records exception to the hearsay rule and erroneously precluded police reports and the DNA laboratory's protocols, and other documents, from evidence. U.S. Const. amends. V, VI, and XIV.

(a) **Supporting facts:** The facts supporting this claim are presented in the accompanying memorandum of law.

(b) **Direct Appeal of Ground Ten:**

    (1) **If you appealed from the judgment of conviction, did you raise this issue?** Yes. This issue was fully presented in Points VIII and X of the Petitioner's supplemental pro se brief filed in the Appellate Division, Second Department. The issue was also presented to the New York Court of Appeals in Petitioner's leave applications.

(c) **Post-Conviction Proceedings:**

(1) **Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?** Yes. The issue was also presented in Points One and Three of Petitioner's motion to vacate the conviction pursuant to CPL § 440, filed in the Supreme Court, County of Queens, Indictment Nos. 3251/97 & 3825/97. The motion was denied on April 14, 2003.

It was also presented in Point Six of Petitioner's writ of habeas corpus, filed in the Appellate Division, Second Department, Docket No. 98-11299. The Second Department denied the writ on March 8, 1999.

(2) **Did you receive a hearing on your motion or petition?** No.

(3) **Did you appeal from the denial of your motion or petition?** Yes. The Appellate Division, Second Department, denied leave to appeal the § 440 motion. However, it granted leave to appeal from the denial of the <u>identical</u> motion,

which was simultaneously filed in the related action in Nassau County. <u>See</u> 2003-02206. On June 20, 2006, the Second Department affirmed the trial court's ruling.

Leave to appeal the denial of the writ was denied.

(d) **Other Remedies: Describe any other procedures that you have used to exhaust your state remedies on Ground Ten.** None.

54

**GROUND ELEVEN:** The Petitioner's federal constitutional rights were violated where the witnesses' incredulous, inconsistent, impeached and perjured testimony, on crucial points, should have been disregarded as a matter of law. U.S. Const. amends. V, VI and XIV.

(a) **Supporting facts:** The facts supporting this claim are presented in the accompanying memorandum of law.

(b) **Direct Appeal of Ground Eleven:**

(1) **If you appealed from the judgment of conviction, did you raise this issue?** Yes. This issue was fully presented in Point II of Petitioner's supplemental pro se brief filed in the Appellate Division, Second Department. It was also presented to the New York Court of Appeals in Petitioner's leave applications.

**(c) Post-Conviction Proceedings:**

   **(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?** Yes. This issue was raised in Point One of Petitioner's writ of habeas corpus, filed in the Appellate Division, Second Department, Docket No. 98-11299. The Second Department denied the writ on March 8, 1999, and leave to appeal to the Court of Appeals was denied.

   **(2) Did you receive a hearing on your motion or petition?** No.

   **(3) Did you appeal from the denial of your motion or petition?** Although sought, leave to appeal the denial of the writ was not granted.

**(d) Other Remedies: Describe any other procedures that you have used to exhaust your state remedies on Ground Eleven.** None.

**GROUND TWELVE:** The Petitioner was denied his federal constitutional right to a fair trial where the jury did not give his medical alibi evidence, along with other proof, the weight they deserved. U.S. Const. amends. V, VI and XIV.

(a) **Supporting facts:** The facts supporting this claim are presented in the accompanying memorandum of law.

(b) **Direct Appeal of Ground Twelve:**

    (1) **If you appealed from the judgment of conviction, did you raise this issue?** Yes. This issue was fully presented in Point I of Petitioner's supplemental pro se brief filed in the Appellate Division, Second Department. The issue was also presented to the New York Court of Appeals in Petitioner's leave applications.

(c) **Post-Conviction Proceedings:**

    (1) **Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?** No.

(d) **Other Remedies: Describe any other procedures that you have used to exhaust your state remedies on Ground Twelve.** None.

**GROUND THIRTEEN:** The People's failure to timely disclose <u>Brady</u> and <u>Rosario</u> material violated the Petitioner's federal constitutional right to a fair trial. U.S. Const. amends. V, VI and XIV.

(a) **Supporting facts:** The facts supporting this claim are presented in the accompanying memorandum of law.

(b) **Direct Appeal of Ground Thirteen:**

(1) **If you appealed from the judgment of conviction, did you raise this issue?** Yes. This issue was presented in Points I, II, III, VIII, IX and X of Petitioner's supplemental <u>pro</u> <u>se</u> brief filed in the Appellate Division, Second Department. It was also presented to the New York Court of Appeals in Petitioner's leave applications.

**(c) Post-Conviction Proceedings:**

(1) **Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?** Yes. This issue was fully presented in Points I, II, and III of Petitioner's § 440 motion, filed in the Supreme Court, County of Queens, Indictment Nos. 3251/97 & 3825/97. The motion was denied on April 14, 2003.

The issue was also presented in Point Six of Petitioner's writ of habeas corpus, filed in the Appellate Division, Second Department, Docket No. 98-11299. The Second Department denied the writ on March 8, 1999, and leave to appeal to the Court of Appeals was denied.

(2) **Did you receive a hearing on your motion or petition?** No.

(3) **Did you appeal from the denial of your motion or petition?** Yes. The Appellate Division, Second Department, denied leave to appeal the § 440 motion. However, it granted leave to appeal from the denial of the identical motion,

which was simultaneously filed in the related action in Nassau County. <u>See</u> 2003-02206. On June 20, 2006, the Second Department affirmed the trial court's ruling.

**(d) Other Remedies: Describe any other procedures that you have used to exhaust your state remedies on Ground Thirteen.** None.

**GROUND FOURTEEN:**   George   Philips'   federal constitutional rights were violated where there was no probable cause to arrest him, and the fruit of this illegal arrest should have been suppressed. U.S. Const. amends. IV, V, VI and XIV.

(a) **Supporting facts:** The facts supporting this claim are presented in the accompanying memorandum of law.

(b) **Direct Appeal of Ground Fourteen:**

   (1) **If   you   appealed   from   the   judgment   of conviction, did you raise this issue?** Yes. This issue was presented in Point VII of counsel's brief submitted in the Appellate Division and Point III of Petitioner's supplemental _pro se_ brief filed in the same court. It was also presented to the New York Court of Appeals in Petitioner's leave applications.

**(c) Post-Conviction Proceedings:**

(1) **Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?** Yes. This issue was fully presented in Point I of Petitioner's writ of habeas corpus, filed in the Appellate Division, Second Department, Docket No. 98-11299. The Second Department denied the writ on March 8, 1999.

The issue was also presented in Point III of Petitioner's motion to vacate the conviction pursuant to CPL § 440, filed in the Supreme Court, County of Queens, Indictment Nos. 3251/97 & 3825/97. The motion was denied on April 14, 2003.

(4) **Did you receive a hearing on your motion or petition?** No.

(5) **Did you appeal from the denial of your motion or petition?** Petitioner sought leave to appeal the denial of his writ to the Court of Appeals. However, leave was denied.

Similarly, the Appellate Division, Second Department denied leave to appeal the § 440 motion. However, it <u>granted</u> leave to appeal from the denial of the <u>identical</u> § 440 motion that was simultaneously filed in the related action in Nassau County. <u>See</u> 2003-02206. On June 20, 2006, the Second Department affirmed the trial court's ruling.

(d) **Other Remedies: Describe any other procedures that you have used to exhaust your state remedies on Ground Fourteen.** None.

**GROUND FIFTEEN:** The hearing judge's decision, which was riddled with legal and factual errors, deprived the Petitioner of his federal constitutional right to a fair judicial proceeding. U.S. Const. amends. IV, V, VI and XIV.

(a) **Supporting facts:** The facts supporting this claim are presented in the accompanying memorandum of law.

(b) **Direct Appeal of Ground Fifteen:**

　(1) **If you appealed from the judgment of conviction, did you raise this issue?** Yes. This issue was presented in Points III, IV, and V of Petitioner's supplemental pro se brief filed in the Appellate Division, Second Department. It was also presented to the New York Court of Appeals in Petitioner's leave applications.

(c) **Post-Conviction Proceedings:**

　(1) **Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?** Yes. This issue was fully presented in Points One and Ten of

Petitioner's writ of habeas corpus, filed in the Appellate Division, Second Department, Docket No. 98-11299. The Second Department denied the writ on March 8, 1999.

The issue was also presented in Petitioner's motion to vacate the conviction pursuant to CPL § 440, filed in the Supreme Court, County of Queens, Indictment Nos. 3251/97 & 3825/97. The motion was denied on April 14, 2003.

(2) **Did you receive a hearing on your motion or petition?** No.

(3) **Did you appeal from the denial of your motion or petition?** Petitioner sought leave to appeal the denial of his writ to the Court of Appeals. However, leave was denied.

Similarly, the Appellate Division, Second Department denied leave to appeal the § 440 motion. However, it granted leave to appeal from the denial of the identical § 440 motion that was simultaneously filed in the related action in Nassau County. See 2003-02206. On June 20, 2006, the Second Department affirmed

66

the trial court's ruling.

(d) **Other Remedies: Describe any other procedures that you have used to exhaust your state remedies on Ground Fifteen.** None.

**GROUND SIXTEEN:** There was an unconscionable breakdown in the judicial process, where, among other things, the hearing court: (a) was biased; (b) acted as an arm of the prosecution; (c) deprived the Petitioner of his right to witnesses, evidence and cross-examination; (d) denigrated defense counsel; and (e) made errors of fact and law. U.S. Const. amends. IV, V, VI and XIV

(a) **Supporting facts:** The facts supporting this claim are presented in the accompanying memorandum of law.

(b) **Direct Appeal of Ground Sixteen:**

(1) **If you appealed from the judgment of conviction, did you raise this issue?** Yes. This issue was presented in Point V of Petitioner's supplemental pro se brief filed in the Appellate Division, Second Department. It was also presented to the New York Court of Appeals in Petitioner's leave applications.

**(c) Post-Conviction Proceedings:**

(1) **Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?** Yes. This issue was fully presented in Petitioner's writ of habeas corpus, filed in the Appellate Division, Second Department, Docket No. 98-11299. The Second Department denied the writ on March 8, 1999.

The issue was also presented in Petitioner's motion to vacate the conviction pursuant to CPL § 440, filed in the Supreme Court, County of Queens, Indictment Nos. 3251/97 & 3825/97. The motion was denied on April 14, 2003.

(2) **Did you receive a hearing on your motion or petition?** No.

**(3)** **Did you appeal from the denial of your motion or petition?** Petitioner sought leave to appeal the denial of his writ to the Court of Appeals. However, leave was denied.

Similarly, the Appellate Division, Second Department denied leave to appeal the § 440 motion. However, it <u>granted</u> leave to appeal from the denial of the <u>identical</u> § 440 motion that was simultaneously filed in the related action in Nassau County. <u>See</u> 2003-02206. On June 20, 2006, the Second Department affirmed the trial court's ruling.

**(d) Other Remedies: Describe any other procedures that you have used to exhaust your state remedies on Ground Sixteen.** None.

**GROUND SEVENTEEN:** The state judge violated the Petitioner's federal constitutional rights to cross-examination and confrontation. U.S. Const. amends. IV, V, VI and XIV.

(a) **Supporting facts:** The facts supporting this claim are presented in the accompanying memorandum of law.

(b) **Direct Appeal of Ground Seventeen:**

    (1) **If you appealed from the judgment of conviction, did you raise this issue?** Yes. This issue was presented in Point III of counsel's brief filed in the Appellate Division, Second Department, as well as Petitioner's supplemental <u>pro</u> <u>se</u> brief filed in the Appellate Division, Second Department. It was also presented to the New York Court of Appeals in Petitioner's leave applications.

(c) **Post-Conviction Proceedings:**

    (1) **Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?** Yes. This issue

was fully presented in Petitioner's writ of habeas corpus, filed in the Appellate Division, Second Department, Docket No. 98-11299. The Second Department denied the writ on March 8, 1999.

The issue was also presented in Petitioner's motion to vacate the conviction pursuant to CPL § 440, filed in the Supreme Court, County of Queens, Indictment Nos. 3251/97 & 3825/97. The motion was denied on April 14, 2003.

(2) **Did you receive a hearing on your motion or petition?** No.

(3) **Did you appeal from the denial of your motion or petition?** Petitioner sought leave to appeal the denial of his writ to the Court of Appeals. However, leave was denied.

Similarly, the Appellate Division, Second Department denied leave to appeal the § 440 motion. However, it <u>granted</u> leave to appeal from the denial of the <u>identical</u> § 440 motion that was simultaneously filed in the related action in Nassau County. <u>See</u> 2003-02206. On

June 20, 2006, the Second Department affirmed the trial court's ruling.

(d) **Other Remedies: Describe any other procedures that you have used to exhaust your state remedies on Ground Seventeen.** None.

**GROUND EIGHTEEN:** The Petitioner was further denied his rights under the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution as more fully explained in the accompanying memorandum of law, which includes the supporting facts. These issues were all preserved in the Petitioner's briefs in the Appellate Division, leave application to the New York Court of Appeals, as well as in the submissions pursuant to Articles 330 and 440 of the Criminal Procedure Law, and the state writ of habeas corpus.

13. **Please answer these additional questions about the petition you are filing:**

    (a) **Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?** Yes.

    (b) **Is there any ground in this petition that has not been presented in some state or federal court?** No.

14. **Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?** No.

15. **Do you have any petition or appeal <u>now pending</u> in any court, either state or federal, for the judgment you are challenging?** No.

16. **Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:**

    (a) **At preliminary hearing:** Thomas F. Liotti, Esq., 600 Old Country Road, Suite 530, Garden City, NY 11530.

    (b) **At arraignment and plea:** Thomas F. Liotti, Esq., 600 Old Country Road, Suite 530, Garden City, NY 11530.

    (c) **At trial:** Thomas F. Liotti, Esq., 600 Old Country Road, Suite 530, Garden City, NY 11530.

(d) **At sentencing:** Thomas F. Liotti, Esq., 600 Old Country Road, Suite 530, Garden City, NY 11530.

(e) **On appeal:** Herald Price Fahringer, Esq., 120 East 56th Street, Suite 1150, New York, NY 10022, and Thomas F. Liotti, Esq., 600 Old Country Road, Suite 530, Garden City, NY 11530.

(f) **In any post-conviction proceeding:** Thomas F. Liotti, Esq., 600 Old Country Road, Suite 530, Garden City, NY 11530.

(g) **On appeal from any ruling against you in a post-conviction proceeding:** George Philips, pro se, ID# 00A2299, Eastern Correctional Facility, P.O. Box 338, Napanoch, NY 12458-0338.

17. **Do you have any future sentence to serve after you complete the sentence for the judgment you are challenging?** No. The Respondent's sentence of 25 to 50 years is running concurrent to a sentence of 10 to 20 years imposed in the related proceeding from

Nassau County. <u>See</u> <u>People v. George Philips</u>, Ind.
No. 3717N/97.

(a) **Have you filed, or do you plan to file, any
petition that challenges the judgment or
sentence to be served in the future?** The
Petitioner is simultaneously filing a petition
pursuant to 28 U.S.C. § 2254 to challenge the
related judgment in Nassau County.

**TIMELINESS OF PETITION:** The judgment became final on
July 1, 2007. As such, this Petition is timely.

**Therefore, the Petitioner asks that the Court grant the following relief:** that the judgment of conviction and sentences be vacated; or that a hearing be ordered; or any other relief to which the Petitioner may be entitled.

_____
Signature of Attorney

I declare under penalty of perjury that the foregoing is true and correct.

Executed (signed) on ___June 11, 2008___ (date)

_____
Signature of the Petitioner

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X

GEORGE PHILIPS,

                  Petitioner,

    -against-                                **DECLARATION OF
SERVICE**

WILLIAM BROWN, Superintendent,
Eastern NY Correctional Facility,

                  Respondent.

-------------------------------------------------------X

        The undersigned, an attorney duly admitted in the Courts of New York as well as the Eastern District of New York, hereby declares under penalties of perjury that on July 1, 2008, she caused a copy of (1) Petitioner George Philip's Petition Under 28 U.S.C. § 2254; (2) Declaration of Herald Price Fahringer, Esq. in Support of § 2254 Petition and for Additional Time to File a Supporting Memorandum of Law, dated July 1, 2008; (3) Four volume Compendium of Exhibits to the Declaration of Herald Price Fahringer, dated July 1, 2008; and (4) Civil Cover Sheet to be served by Federal Express, Overnight, Priority Delivery on:

                Michael Tarbutton, Esq.
                Queens County District Attorney
                125-01 Queens Boulevard
                Kew Gardens, New York 11415
                (Queens Petition and items 2, 3, and 4)

                Denise Pavlides, Esq.
                Nassau County District Attorney
                262 Old Country Road
                Mineola, New York 11501
                (Nassau Petition and items 2, 3, and 4)

                Andrew M. Cuomo, Esq.
                New York Attorney General
                120 Broadway, #4
                New York, New York 10271
                (*as counsel for Respondent William Brown*)
                (Queens and Nassau Petitions as well as items 2, 3 and 4)

Dated: New York, New York
       July 1, 2008

                                  _____
                                    Erica T. Dubno, Esq. (ED-3099)
                                    Fahringer & Dubno
                                    120 East 56th Street, Suite 1150
                                    New York, New York 10022
                                    (212) 319-5351